**William MOSER,**

v.

**Joanne B. BARNHART, Commissioner of Social Security William E. Moser, Appellant.**

No. 03–3253.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 25, 2004.

Decided March 5, 2004.

Karl E. Osterhout, Pittsburgh, PA, for Appellant.

Robert S. Drum, Quinn N. Doggett, Philadelphia, PA, for Appellee.

Before RENDELL, BARRY and FISHER, Circuit Judges.

OPINION OF THE COURT

FISHER, Circuit Judge.

Appellant William E. Moser appeals from an order of the district court granting summary judgment for the Commissioner of Social Security and affirming the denial of his application for Social Security benefits under Title XVI of the Social Security Act ("Act"). *See* 42 U.S.C. §§ 1381–1383(f).

The district court had jurisdiction pursuant to 42 U.S.C. § 405(g), which limits the scope of the district court review to the Commissioner's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over questions of law, *see Knepp v. Apfel,* 204 F.3d 78, 83 (3d Cir.2000), and review the decision of the Commissioner to determine whether it is supported by substantial evidence. *See Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971).

The issue before the Court is whether, in the absence of a Medical Source Statement (MSS), the ALJ's decision is supported by substantial evidence. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999) (citations omitted). "We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999) (citations omitted).

For the reasons substantially stated in the district court's opinion, we find that

the Commissioner's decision was supported by substantial evidence.

Appellant Moser was born on October 23, 1950, and completed tenth or eleventh grade. He alleges disability on the basis of depression, and severe pain in his left wrist and arm, his right knee and his back.

Appellant fractured his left wrist on March 15, 2000, when he fell off of his truck. He complains of pain and difficulty walking from a prior injury. He filed a claim for Social Security disability payments on April 16, 2001. The claim was initially denied on August 28, 2001. Upon appeal, his claim was heard by an ALJ and was subsequently denied on April 2, 2002. The ALJ determined that while Appellant suffered from some severe impairments, and was unable to return to his previous work, his impairments did not preclude him from performing a limited range of light work.

This decision was appealed to the Appeals Council. The Appeals Council denied the request for review, and the ALJ's decision became the final decision of the Commissioner on June 5, 2002. The District Court granted summary judgment for the Appellee on June 3, 2003.

Appellant claims that "Social Security Regulations state that Commissioner 'must request' an MSS," indeed, that there is a "statutory *obligation*" to do so. Appellant does not cite any authority for his position.

On the contrary, Social Security Regulations state what a medical report "should" include:

(b) Medical reports. Medical reports should include—. . .

(6) A statement about what you can still do despite your impairment(s) based on the acceptable medical source's findings on the factors under paragraphs (b)(1) through (b)(5) of this section (except in statutory blind-

ness claims). Although we will request a medical source statement about what you can still do despite your impairment(s), *the lack of the medical source statement will not make the report incomplete.* See Sec. 416.927.

20 C.F.R. § 416.913 (emphasis added).

Appellant claims that the lack of an MSS requires a remand. The lack of a MSS specifically does not render a medical report incomplete. Therefore, there is no cause for remand.

After a review of the matter, exercising the appropriate standards of review, we have concluded that there is substantial evidence to support the Commissioner's conclusion. We have no basis on which to reverse the opinion and order of the district court. Consequently, the order of June 3, 2003 will be affirmed.